### HORWICK v. BARTON.

Circuit Court, Lake County.

August 3, 1954.

138

Walter Warren, Leesburg, for plaintiff.

T. C. Cork, Clermont, for defendant.

T. G. FUTCH, Circuit Judge.

This cause came on to be finally heard before the court on July 20, 1954 when defendant's counsel called attention to the fact that defendant filed her answer on October 21, 1953 and that under the provisions of chancery rule 46 promulgated by the Supreme Court on January 12, 1953 the time for taking testimony had expired, and thereupon entered his objection to the taking of testimony and demanded that the case be heard on bill and answer.

The record discloses that service was had upon the defendant on October 1, 1953 and that answer was filed on October 21, 1953, that no further proceedings were had until February 10, 1954 when the plaintiff set the cause for hearing before the court on February 18, 1954—which was after the expiration of the time for taking testimony as provided by rule 46.

The next effort to bring the cause on for hearing was made on July 14, 1954 when it was set for trial before the court on July 20, 1954, at which time the aforesaid objections were interposed. It therefore follows that defendant's objection to the taking of testimony must be sustained and that the cause must proceed to final hearing on bill and answer.

The bill seeks to enforce a statutory lien for work and materials against defendant's real property in the city of Clermont. The bill alleges and the answer admits that defendant's husband on or about February 4, 1954 entered into a contract with plaintiff for repairs and improvements to the property. The answer does not effectively deny but to all practical purposes admits that the materials were furnished and the work was done as claimed by the plaintiff.

The real estate in question is the separate property of the defendant who is a married woman, and the situation appears to be covered by section 84.12, Florida Statutes 1953, which is quoted below—

> When the contract for improving real property is made with a husband or wife who is not separated and living apart from his or her spouse and the property is owned by the other or by both, the husband

or wife who contracts shall be deemed to be the agent of the other to the extent of subjecting the right, title or interest of the other in said property to liens under this chapter unless such other shall, within ten days after learning of such contract, give the contractor and file with the clerk of the circuit court of the county in which the property is situated written notice of his or her objection thereto.

The answer does not allege or show that the defendant's wife either gave to the contractor or filed with the clerk of the circuit court of Lake County any written notice of her objection to the contract under which the work was done. There is no question but that the defendant wife knew of the husband's contract in this instance.

It follows that decree must be entered in plaintiff's favor in accordance with the prayer of the complaint. Plaintiff's attorney will prepare appropriate decree in accord with these findings.